IN THE MATTER OF THE RIGHT TO PRACTICE LAW OF WHEELER DALE, ESQ.

No. 7725SC664

(Filed 2 January 1979)

**Attorneys at Law § 12— failure to perfect criminal appeal —suspension of privilege to practice law**

The privilege of an attorney to practice law in the State of North Carolina is suspended for 90 days for his violation of D.R. 6-101(A) of the Code of Professional Responsibility by failing to perfect the appeal in a rape case involving the death penalty after having been appointed by the trial court to represent the defendant on appeal.

THE above-styled cause was reheard in this Court on 5 December 1978 upon Order of this Court. The cause was original-

ly heard upon appeal on 23 May 1978. An interlocutory opinion, which is reported in 37 N.C. App. 680, 247 S.E. 2d 246 (1978), was filed 29 August 1978. In that opinion the undisputed facts of record were recited. Adopting and following the opinion of this Court in the case of *In re Robinson*, 37 N.C. App. 671, 247 S.E. 2d 241 (1978), the order of Judge Snepp imposing discipline on the respondent was vacated, and the cause was retained in this Court for consideration of what discipline, if any, should be imposed upon respondent for his conduct as disclosed by the record before this Court. Respondent was given the opportunity to file a new brief addressing the question of whether this Court should exercise its inherent power to determine what discipline, if any, should be imposed on respondent, and, if any, what the extent thereof should be. Respondent did not file a new brief.

*Attorney General Edmisten by Special Deputy Attorney General John R. B. Matthis and Associate Attorney Acie L. Ward, for the State.*

*Simpson, Baker & Aycock, by Dan R. Simpson and Samuel E. Aycock for respondent appellant.*

PARKER, Judge.

The record shows that the following facts are undisputed. Respondent, Wheeler Dale, is licensed to practice law in North Carolina. He began the practice of law in 1963 or 1964. From 1970 to 1974 he served a term as District Court Judge. On 17 February 1976 he was appointed to represent the defendant in the trial of Case 76CR1377, *State v. Kenneth Mathis*, in which the defendant was charged with first degree rape. Respondent appeared for the defendant in the trial of that case, which resulted in the defendant's conviction and a sentence of death. Notice of appeal was given and respondent was appointed to represent the defendant upon the appeal. On 30 July 1976 the Judge of Superior Court extended the time for serving the case on appeal to 30 August 1976. On 23 August 1976 respondent received the transcript of the trial. Respondent did not serve the case on appeal and took no further action to perfect the appeal. On 29 March 1977 the District Attorney filed a motion to dismiss the appeal for the reason that the case on appeal had not been served and the appeal had not been perfected. On 11 May 1977 the Court relieved the respondent of

---

In re Dale

---

any further duties in the case of *State v. Mathis* and appointed other counsel to seek appellate review of that case. Thereafter, this disciplinary proceeding was instituted. At the hearing of this proceeding in the Superior Court, respondent testified that he had no excuse for his failure to perfect the appeal in the case of *State v. Mathis.*

The interlocutory opinion of this Court reported in 37 N.C. App. 680, 247 S.E. 2d 246 (1978) is hereby reaffirmed and incorporated in this opinion by reference. We now proceed to the matter of appropriate discipline.

The undisputed facts in this case establish that respondent violated the provisions of Disciplinary Rule 6-101A of the North Carolina Bar Code of Professional Responsibility, 283 N.C. 783, in his failure to perfect the appeal in the case of *State v. Mathis* in which sentence of death had been imposed. After giving careful consideration to all mitigating circumstances disclosed by the record, we find that the serious nature of respondent's infractions of the Code of Professional Responsibility warrants imposition of the following disciplinary action by this Court. Accordingly, we now hereby order:

1. That the privilege of the respondent, Wheeler Dale, to practice law in the State of North Carolina is hereby suspended for a period of ninety (90) days from the effective date of this order.

2. This order shall become effective on the date the mandate of this Court shall issue in this case as provided in Rule 32(b) of the Rules of Appellate Procedure.

FRANK M. PARKER
Judge
For the Court

Chief Judge MORRIS and Judge MARTIN (Harry C.), concur.